IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

Civil Action No. 11-cv-01486-RPM

HERMES CONSOLIDATED, INC.,

    Plaintiff,

v.

RED EAGLE OIL, INC., f/k/a Hinze, Inc., d/b/a Hinze Oil Company, and
BRAD HINZE,

    Defendants.

___

ORDER FOR ENTRY OF JUDGMENT AS TO DEFENDANT BRAD HINZE
___

On review of the plaintiff's motion for summary judgment on the Eighth Claim for Relief in the complaint, filed June 7, 2011, asserting a breach of a guaranty agreement as to the defendant Brad Hinze, and pursuant to the papers filed, including the response to the motion for summary judgment, filed by defendant Brad Hinze on August 29, 2011, and his declaration attached, the Court finds and concludes that there is no dispute as to the following statement of material facts.

On July 30, 1999, Wyoming Refining Company entered into an Agreement for Terms and Conditions of Sale for Petroleum Products to Hinze, Inc./Hinze Oil Co., in Cody, Wyoming, a copy of which is attached as Exhibit 1 to the Complaint. On the same date, Brad Hinze signed a Guaranty Agreement, a copy of which is Exhibit 2 to the Complaint. The name of Hinze, Inc., has been changed to Red Eagle Oil, Inc. Brad Hinze has been treasurer of that corporation. Between April 1 and April 12, 2011, the plaintiff delivered petroleum products to Red Eagle Oil, Inc., for the purchase price of $737,349.64 in the aggregate. No payment has been made by Red Eagle Oil, Inc. Under the terms of the Guaranty Agreement, Brad Hinze is liable for that amount, plus interest and attorney's fees. The only defense to this liability attempted to be

asserted by the defendant Brad Hinze is that at the time of execution of the Guaranty Agreement, he and he believes, Wyoming Petroleum Company, expected the price of petroleum products to be stable. That expectation would not support a defense of mistake of fact, even if shared by the plaintiff. Moreover, the volatility of petroleum product prices in the United States is a well known fact and Brad Hinze participated in the order for delivery of the products in April, 2011, knowing of the guaranty which had not been revoked. This Court has jurisdiction of this claim pursuant to 28 U.S.C. § 1332, because of the diversity of citizenship of the parties.

Upon the foregoing, it is

ORDERED that the Clerk shall enter judgment for the plaintiff Hermes Consolidated, Inc., d/b/a Wyoming Refining Company, and against the defendant Brad Hinze, for the recovery of $737,349.64, plus costs and attorney's fees to be determined upon an application for attorney's fees to be filed pursuant to Fed.R.Civ.P. 54(d)(2).

Dated: September 29th, 2011

BY THE COURT:

s/Richard P. Matsch

_____
Richard P. Matsch, Senior District Judge